UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:18-CR-00136-LEW |
| | ) | |
| CHRISTOPHER KRUSE, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On July 24, 2019, I sentenced Defendant Christopher Kruse to a 180-month term of imprisonment following his guilty plea to receipt and possession of child pornography. On December 28, 2020, Mr. Kruse filed a pleading captioned Emergency Motion to Reduce Sentence and Provide Other Equitable Relief Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 40). In his motion, Mr. Kruse requests compassionate release from the custody of the Bureau of Prisons, stating that administrators at FCI Fort Dix have failed to adhere to CDC Guidelines to restrict the spread of COVID-19. Mr. Kruse complains of living in quarantine due to the presence of the virus in his facility and states that due to his age (53) and medical conditions (coronary artery disease with prior heart attack, peripheral neuropathy, diabetes, hypertension, and obesity) he is particularly susceptible to harm should he contract the virus. In the conclusion of his motion, Mr. Kruse asks that I reduce his sentence to time served, though elsewhere in its pages he suggests the possibility of home confinement.

**DISCUSSION**

The federal statute that authorizes compassionate release permits an inmate to direct a request to the court after giving the Bureau of Prisons notice of his request and 30 days to respond. 18 U.S.C. § 3582(c)(1)(A). I accept Mr. Kruse's representation that he directed his request to the

warden at Fort Dix and did not receive a response. Based on papers attached to his motion, he first requested compassionate relief on June 3, 2020.

To obtain compassionate release, an inmate who is not of advanced age must demonstrate that there are "extraordinary and compelling reasons" for release and that the request otherwise comports with § 3553 sentencing factors. *See id.* The sentencing factors require that I also take into consideration the nature, circumstances, and seriousness of the offense (such as its category and any applicable category the defendant falls into related to the same); the characteristics of the defendant, respect for the law, just punishment, adequate deterrence, protection of the public from further crimes of the defendant, the provision of medical care or other correctional treatment, the need to avoid unwarranted sentence disparities among defendants having similar records who are guilty of similar crimes, and the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Through his motion, Mr. Kruse has placed his payment of restitution, his medical history, and the COVID-19 problem at Fort Dix on the side of the scale that favors an award of compassionate release. Nevertheless, I am not persuaded that these are "extraordinary and compelling reasons" for a reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Moreover, even if the reasons met the extraordinary and compelling standard, they still are not weighty enough to tip the balance in favor of a time served sentence or a protracted period of supervised release / in-home confinement. Given the nature, circumstances, and seriousness of the offense, which I related at sentencing, and given that Mr. Kruse has served only a fraction of his sentence (his anticipated release is in 2031), granting his motion would not ensure respect for the law, just punishment, or adequate deterrence. Nor can I say that granting the motion would ensure the protection of the public or serve the objective that Mr. Kruse receive sex offender treatment during a term of incarceration. Nor can I say that relief of the kind proposed would avoid unwarranted sentence disparities.

## CONCLUSION

Mr. Kruse's Emergency Motion to Reduce Sentence and Provide Other Equitable Relief Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 40) is summarily DENIED.

**SO ORDERED.**

**Dated this 5th day of January, 2021.**

                                           /s/ Lance E. Walker
                                           UNITED STATES DISTRICT JUDGE