UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                    ) | 1:18-CR-00136-LEW |
| ) | |
| CHRISTOPHER KRUSE,                  ) | |
| ) | |
| Defendant                    ) | |

**RULE 37 INDICATIVE RULING ON MOTION TO SUPPLEMENT
AND MOTION FOR RECONSIDERATION**

On July 24, 2019, I sentenced Defendant Christopher Kruse to a 180-month term of imprisonment following his guilty plea to receipt and possession of child pornography. On December 28, 2020, Mr. Kruse filed a pleading captioned Emergency Motion to Reduce Sentence and Provide Other Equitable Relief Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 40). Specifically, Mr. Kruse requested compassionate release from the custody of the Bureau of Prisons, stating that administrators at FCI Fort Dix failed to adhere to CDC Guidelines to restrict the spread of COVID-19. Mr. Kruse complains of living in quarantine due to the presence of the virus in his facility and states that due to his age (53) and medical conditions (coronary artery disease with prior heart attack, peripheral neuropathy, diabetes, hypertension, and obesity) he is particularly susceptible to harm should he contract the virus.

Following review of Defendant's motion and supporting submissions, I denied the motion without a hearing, explaining that I did not see "extraordinary and compelling

reasons" for such a drastic reduction of his sentence, 18 U.S.C. § 3582(c)(1)(A)(i), and that, in any event, the § 3553 factors I must consider would not tip the balance in favor of release subject to a protracted period of supervision and in-home confinement, let alone a "time served" sentence. The § 3553 determination was the critical one, and it was a function of the characteristics of the offense and the offender, the fact that he has not yet served a suitable portion of his sentence, and the concern over equity and parity not only in regard to sentencing, but also in regard to compassionate release motions.

Shortly after I issued my order on Mr. Kruse's motion, Mr. Kruse requested leave to supplement his motion with additional argument (ECF No. 43), but then filed his Notice of Appeal (ECF No. 44), an act of jurisdictional significance. *See* Fed. R. Crim. P. 37. Thereafter, Mr. Kruse filed the instant motion asking that I reconsider my denial of his motion for compassionate release (ECF No. 48). Mr. Kruse observes that compassionate release motions have been granted to child pornography defendants convicted in this Court and he reasons that he is no less suitable a candidate for compassionate release than the others. I have reviewed these decisions, specifically the decision to grant compassionate release to *Kevin Millette*, No. 2:16-cr-00004-NT, and the decision to grant compassionate release to *Newell Mowry*, No. 1:18-cr-00015-NT.

Like Judge Torresen, I appreciate that, at the time of sentencing, the prospect that Defendant would run the risk of contracting a life-threatening virus in prison was not before me for consideration. Also like Judge Torresen, I do not believe that persons convicted of child pornography offenses are categorically undeserving of compassionate release. At the same time, however, I do not believe that they should enjoy any preference when it comes

2

to compassionate release simply because the norms established by the Sentencing Commission are quite severe when it comes to child pornography offenses.

While I regret that Mr. Kruse may feel the victim of a local sentencing disparity, his circumstance can be distinguished. Compared to the other defendants, Mr. Kruse has served the least time yet received the lengthiest sentence given the specific characteristics of his offense conduct, which characteristics are catalogued in the transcript of the sentencing hearing. Indeed, Judge Torresen noted that the sentences she imposed in the other cases were driven by a statutory minimum, strongly suggesting Judge Torresen would not have sentenced either defendant to 120 months had she had the option to impose a shorter sentence. That was not the case here. Mr. Kruse received a lengthier sentence by application of guidelines that warranted it. Furthermore, unlike the other defendants, Mr. Kruse was not the victim of a disadvantageous upbringing involving physical and sexual abuse, a factor Judge Torresen found deserving of weight in her § 3553 analyses concerning the other defendants.

## CONCLUSION

Pursuant to Rule 37(a) of the Federal Rule of Criminal Procedure, the material presented in Defendant's Motion to Supplement (ECF No. 43) has been considered, but his Motion for Reconsideration (ECF No. 48) is DENIED.

**SO ORDERED.**

**Dated this 11th day of February, 2021.**

                                             /s/ Lance E. Walker
                                             UNITED STATES DISTRICT JUDGE